

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,008-01

### EX PARTE TROY WAYNE MCDADE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1328311-A IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixteen years' imprisonment. The First Court of Appeals affirmed his conviction. *McDade v. State*, No. 01-13-00478-CR (Tex. App.—Houston [1st] July 31, 2014).

Applicant raises ten grounds in his initial and supplemental habeas applications. On July 11, 2017, an order designating issues was signed by the trial court. Applicant contends, among other things, that his trial counsel rendered ineffective assistance by telling him that he would be able to have the charges dismissed on a self-defense theory, by failing to file a motion to suppress his

statement to police, by failing to ask for a directed verdict when the State failed to prove intent to commit murder, by failing to argue sudden passion, by failing to argue to suppress the shotgun, and by failing to request a lesser included offense instruction for felony deadly conduct.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish